ZUCKERMAN SPAEDER LLP
1185 AVENUE OF THE AMERICAS 31ST FLOOR
NEW YORK, NY 10036-2603
212.704.9600 212.704.4256 fax www.zuckerman.com

PAUL SHECHTMAN
Partner
646-746-8657
PShechtman@zuckerman.com

April 29, 2014

**By ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: United States v. Hillel Nahmad, 13 CR 268 (JMF)

Dear Judge Furman:

With the Court's indulgence, we write briefly in response to the government's sur-reply submitted earlier today and limit our comments to the gambling activity.

1. The government writes that we do not acknowledge that "the gambling and bookmaking were inextricably intertwined." G. letter 4/29/14 at 1. The reality is this: the group -- Helly, Illya and Noah -- began betting together on sports events in 2006. In March 2012, they began accepting bets at 11/10 odds from an acquaintance, and that number grew to four. Importantly, all of the transfers from Davide Nahmad to the group occurred before March 2012, and therefore were not used to promote the illegal activity.[1] As we said in our prior

[1] The Indictment identifies a transaction from Davide Nahmad to Illya on September 12, 2012. Ind. ¶ 46. The transaction actually occurred on September 12, 2011. See G. letter 4/23/14 at 2.

ZUCKERMAN SPAEDER LLP



submission, Davide Nahmad's money went to pay the group's debts to internet sites, which is not money laundering.[2]

2. The government continues to maintain that Helly "booked bets with . . . Bryan Zuriff." G. letter 4/29/14 at 2. We have addressed Helly and Zuriff's April 27, 2012 conversation in our reply submission, and the government ignores what we wrote there. As we explained and the tapes confirm, Helly was "bearding" for Noah -- getting him an account that Noah could bet on by pretending to have reeled in Bettor 10 -- not booking with Zuriff. See Nahmad Reply 4/28/14 at 7.

3. The government does not respond to these points in our submission: (i) that Noah's share of the upside was 24% and his share of the downside 5%, giving him a better deal than Helly's or Illya's; (ii) that the vast bulk of the money that went through Illya's account was his gambling money, and not the "organization's"; and (iii) that Helly had almost no operational role in the group except that he was its financial backstop. Silence may not be acquiescence, but we are confident that we are right on these points.

* * *

The government devotes three of the five pages of its submission to the Dufy transaction and appends a photo of Helly and one of his lawyers at a Knicks game. We will address these matters in court tomorrow.

---

[2] The group made money on the four acquaintances, and did not need to cover losses.

ZUCKERMAN SPAEDER LLP



Respectfully submitted,

Paul Shechtman
Shawn P. Naunton
Zuckerman Spaeder LLP

Benjamin Brafman
Jacob Kaplan
Brafman & Associates, P.C.

PS/BB:wr

cc: AUSA Harris Fischman (by ECF)
AUSA Joshua Naftalis (by ECF)